IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2020

STATE OF TENNESSEE EX REL. KIMBERLY C. v. GORDON S.[1]

Appeal from the Juvenile Court for Sumner County
No. 83SCJ-2018-JV-455   David Howard, Judge
_____

No. M2019-01499-COA-R3-JV
_____

A legal parent appeals a child support award.  He claims his voluntary acknowledgment of paternity for the child should be rescinded due to a material mistake of fact.  He also claims that requiring him to pay child support would violate public policy because he is not the biological father of the child.  Upon our review, we conclude that the legal parent failed to prove the existence of a material mistake of fact that would warrant rescission of the voluntary acknowledgement of paternity.  We also conclude that ordering a legal parent to pay child support is consistent with public policy.  So we affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON II, J., joined.

Russell E. Edwards, Hendersonville, Tennessee, for the appellant, Gordon S.

Herbert H. Slatery III, Attorney General and Reporter, and Amber L. Seymour, Assistant Attorney General, for the appellees, Kimberly C. and the State of Tennessee.

_____

[1] This Court has a policy of protecting the identity of children by initializing the last names of the parties.

# OPINION

## I.

Kimberly C. ("Mother") and Gordon S. ("Father") began their relationship while Mother was pregnant with A. ("Child"). Father was present at Child's birth in October 2010, and the couple lived together with Child as a family for several years.

Although he was not the biological father, on April 14, 2014, Father, along with Mother, signed a form in which Father voluntarily acknowledged paternity of Child (the "VAP"). *See* Tenn. Code Ann. § 68-3-305(b)(2) (2013) (providing for the creation of a form for the voluntary acknowledgment of paternity). Father "felt it was something right to do." In signing, Father acknowledged not only that he was the legal father, but that he had "been orally advised of [his] rights and responsibilities," that he understood "all of the information on th[e] form," and that he was signing "freely and voluntarily."

On July 24, 2018, the State of Tennessee, on behalf of Mother, filed a petition to set child support for Child, naming Father as respondent. By this point, Mother and Father had gone their separate ways. Father filed a response requesting that the petition be dismissed. He alleged that "Mother and [Father] knew that he was not the biological father of Child at the time the purported VAP was executed" and that "[t]here was a material mistake of fact." Father also requested DNA testing and asked that the VAP be rescinded or set aside and declared void *ab initio*.

The juvenile court held a hearing at which Mother and Father testified. With respect to the VAP, Mother acknowledged that she always knew that Father was not the biological father of Child. She also testified that Father was not exercising any parenting time with Child.

For his part, Father admitted signing the VAP. He claimed that it was Mother's idea for him to sign but acknowledged that he signed it voluntarily. He also disclaimed many of the representations in the VAP. He testified that, before signing, he did not read the VAP and that no one verbally explained his rights and responsibilities. When asked if he appreciated the consequences of signing the VAP, Father replied, "No." But Father conceded that he knew what he was signing; he "pretty much knew what [he] was doing."

The court determined that Father had "failed to carry the burden to show that there was a substantial likelihood that any of the three requisite [statutory] factors were present in this cause to allow the Court to order DNA parentage testing and, ultimately, to set aside the VAP." So the court ordered Father to pay child support of $396.00 per month.

## II.

On appeal, Father raises two issues for our review. First, Father contends that requiring him to pay child support to Mother "would violate the public policy of this [S]tate." Second, Father contends that the evidence at the hearing supported a finding that there was a material mistake of fact in the execution of the VAP and, as a result, the VAP should be rescinded. We address Father's second contention first.

### A.

Tennessee Code Annotated § 24-7-113 governs the legal effect of a VAP and the methods for rescinding it. A VAP "constitute[s] a legal finding of paternity on the individual named as the father of the child." Tenn. Code Ann. § 24-7-113(a) (2017). Unless rescinded within sixty days of its completion and submission by either a signatory or an "administrative or judicial tribunal," a VAP is "conclusive of that father's paternity without further order of the court." *Id.* §§ 24-7-113(a), (c).

Here, the VAP was not rescinded within 60 days of its completion and submission. So it could "only be challenged [within five years of its execution] on the basis of fraud, whether extrinsic or intrinsic, duress, or material mistake of fact." *Id.* §§ 24-7-113(e)(1),(2). The burden of proof falls on the party challenging the VAP. *Id.* § 24-7-113(e)(4).

Because this was a bench trial, our review is de novo on the record with a presumption that the juvenile court's factual findings are correct, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d). Evidence preponderates against a finding of fact if the evidence "support[s] another finding of fact with greater convincing effect." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). Conclusions of law are reviewed de novo with no presumption of correctness. *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006).

Father claims that he proved a material mistake of fact. Specifically, the "material mistake of fact [wa]s that [Father] did not know or appreciate the consequences of executing the VAP." One of those consequences was the obligation to support Child, and he complains that "the VAP does not clearly explain that by signing . . . the person will be obligated to pay child support." Father invites this "Court [to] review the VAP to determine how small the print actually is" and to see that "the VAP did not adequately warn him that he would have to pay support for [Child] simply by signing it."

Unfortunately for Father's appeal, we did read the VAP. On its second page, the page that he signed, the VAP provides that "[a]s the legal father you will have . . . [t]he responsibility of providing financial and medical support." The VAP also provides that "[t]he court may enter an order, which will direct you to provide money for the financial

3

support of your child and to provide for your child's medical care." So we find no merit to Father's contention that the VAP did not adequately warn him of the consequences of signing.

But even were we to accept Father's claim that he did not appreciate the consequences of signing the VAP, this would not amount to a material mistake of fact. Father's claim that he did not appreciate the consequences of his actions refers to legal consequences. Ignorance of legal consequences constitutes a mistake of law. *Haas v. Haas*, No. 02A01-9709-CV-00241, 1998 WL 599529, *4 (Tenn. Ct. App. Sept. 11, 1998). So Father failed to present a statutory basis for rescinding the VAP.

B.

Father bases his policy argument on the fact that he is not the biological father of Child and on a prior decision of this Court. In *In re C.A.F.*, we stated that the voluntary acknowledgment of paternity statute "was not meant to allow a non-parent to obtain parental rights over a child without having to go through an adoption proceeding" and "its use for such a purpose is in violation of the public policy of this state, as unequivocally stated in the adoption statutes." 114 S.W.3d 524, 530 (Tenn. Ct. App. 2003). Father contends that ordering him to support Child likewise "would circumvent the adoption statutes and create an adoption by estoppel, which is not permissible by law."

We find Father's reliance on *In re C.A.F.* misplaced. In that case, the Tennessee Department of Children's Services ("DCS") sought to terminate the parental rights of a mother, a biological father, and a putative father who had executed a voluntary acknowledgment of paternity and cared for the child while Mother was incarcerated. *Id.* at 525-26. In considering the putative father's parental rights, we determined that DCS had standing to challenge the voluntary acknowledgment of paternity. *Id.* at 529. We also noted that two grounds for rescission of the acknowledgment might be applicable: fraud or material mistake of fact. *Id.* at 529-30.

Fraud was suggested by the mother's efforts to avoid DCS's involvement in her child's life by having the putative father listed on the child's birth certificate. *Id.* at 525-26. The mother and the putative father also signed a voluntary acknowledgment of paternity, even though the putative father had denied being the biological father and did not testify to being intimate with the mother. *Id.* at 526, 529. Even if fraud was not present, we suggested that the mother and the putative father could be mistaken as to paternity, which would "indicate a material (and mutual) mistake of fact." *Id.* at 529-30.

4

Here, the facts are distinguishable from *In re C.A.F.*[2] Father has not argued that the VAP was executed for a fraudulent purpose. And there was no mistake of fact concerning paternity. Both Mother and Father acknowledge that they always knew that Father was not the biological father of Child.

The State has an interest in seeing that children are supported by their parents. A "legal parent" is defined as, among other things, "a man . . . who has signed . . . an unrevoked and sworn acknowledgment of paternity under the provisions of Tennessee law." Tenn. Code Ann. § 36-1-102(29)(A)(iv) (Supp. 2020). If "a man executes a VAP, he acknowledges that he accepts responsibility of being a parent to the child." *State ex rel. Robinson v. Glenn*, No. W2006-00557-COA-R3-JV, 2007 WL 1227377, at *4 (Tenn. Ct. App. Apr. 26, 2007). Upholding child support obligations imposed on men who voluntarily legitimated a child knowing that they were not the biological father "'does not violate this state's public policy of ensuring that children are supported by their parents' where a parent voluntarily undertook the legal responsibility to parent the child." *Pruitt v. Pruitt*, No. W2018-00453-COA-R3-CV, 2019 WL 450416, at *9 (Tenn. Ct. App. Feb. 5, 2019) (quoting *Welch v. Welch*, 195 S.W.3d 72, 78 (Tenn. Ct. App. 2005)); *see also Coyle v. Erickson*, No. E2010-02585-COA-R9-CV, 2011 WL 3689157, at *8 (Tenn. Ct. App. Aug. 24, 2011).

## III.

Father failed to prove a basis for rescinding his acknowledgment of paternity. Given that acknowledgment, public policy supports imposing a child support obligation on Father. So we affirm the judgment of the juvenile court.

_____
W. NEAL MᴄBRAYER, JUDGE

---

[2] The facts are also distinguishable from another case relied on by Father. In *Braun v. Braun*, we concluded that a stepfather had no obligation to support his wife's child from a prior relationship when he had not adopted the child and had contested the imposition of a child support obligation in the parties' divorce proceeding. No. E2012-00823-COA-R3CV, 2012 WL 4563551, at *3-4 (Tenn. Ct. App. Oct. 2, 2012). The case did not involve a voluntary acknowledgement of paternity.